UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TRONE KENT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:10CV63 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Kent's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, the Court will order the movant to show cause as to why the Court should not dismiss the instant motion as time-barred.

On May 30, 2007, a jury found movant guilty of two counts of being a felon in possession of a firearm, two counts of possessing a firearm in furtherance of drug trafficking, one count of possessing cocaine base with intent to distribute, one count of possessing child pornography and one count of producing child pornography. On August 13, 2007, the Court sentenced movant to life imprisonment. Movant appealed his conviction to the Eighth Circuit Court of Appeals, and the conviction was affirmed on July 7, 2008. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On April 9, 2010[1], movant filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, movant claims he is entitled to relief because: (1) "new evidence" and a "new rule of law" has been articulated in a recent Supreme Court case and (2) his trial counsel was ineffective because he failed to move to suppress evidence, object to improper jury instructions, and file objections to the Magistrate Judge's Pretrial Report and Recommendation.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>    (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[1] The date movant signed his motion and presumably placed it in the prison mail.

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety (90) days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A § 2255 movant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion. In this case, the judgment became final on October 5, 2008. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on October 5, 2009. Thus, movant's motion to vacate, filed on April 9, 2010, is time-barred.

Movant tries to overcome this bar by arguing that the case of Arizona v. Gant, 129 S.Ct. 1710 (2009), decided on April 21, 2009, contains a newly recognized right made retroactively applicable to cases on collateral review. In Gant, the Supreme

Court held that searching a defendant's vehicle is unreasonable where the "police could not reasonably have believed either that [the defendant] could have accessed his car at the time of the search or that evidence of the offense for which he was arrested might have been found therein." 129 S.Ct. at 1719. However, this case has not, in fact, been made retroactive to cases on collateral review. See United States v. Brown, 2009 WL 1605634 (D.S.C. June 5, 2009) ("The United States Supreme Court has not made Gant retroactive to cases on collateral review. [A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."); see also, Lopez v. Vazquez, 2010 U.S. Dist. LEXIS 46225, No. 1:10CV345, at *10 (E.D. Cal. April 7, 2010) (finding that Gant did not state it was articulating a "new rule" and that the Supreme Court did not hold that Gant should be retroactively applied on collateral review); Bess v. United States, 2010 WL 1903585 (S.D. Ga. March 19, 2010) ("the Supreme Court has not made Gant retroactively applicable to cases on collateral review"). Thus, movant will be asked to show cause why his motion should not be dismissed as time-barred.

Given the aforementioned, the Court sees no reason to appoint counsel at this time. See Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984) (noting, as two of the factors in determining whether to appoint counsel, that a Court should take into account whether the plaintiff has presented non-frivolous allegations

4

supporting his or her prayer for relief and whether the factual and legal issues presented by the action are complex); see also, Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis [Doc. #3] is **DENIED** without prejudice because there is no filing fee for a § 2255 motion to vacate, set aside or correct sentence.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Movant's failure to timely respond to this Order will result in the denial of the instant motion and the dismissal of this action.

Dated this 16th day of August, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE